**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Terrell Riser, Appellant.

Appellate Case No. 2023-000743

---

Appeal From Spartanburg County
R. Scott Sprouse, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-218
Submitted April 1, 2026 – Filed May 13, 2026

---

**AFFIRMED**

---

Appellant Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Samuel Terrell Riser appeals his convictions for attempted murder and possession of a weapon during the commission of a violent crime and

his sentence of life imprisonment without parole.  On appeal, he argues the trial court erred in admitting opinion testimony and crime scene photographs involving trajectory rods.  Riser contends the trial court erroneously allowed testimony which required expertise and photographs including the trajectory rods that were substantially more prejudicial than probative.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not abuse its discretion in allowing Deputy Jeffrey Dail to give limited lay opinion testimony concerning the use of trajectory rods during the investigation.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) (stating the trial court's admission of evidence "will not be reversed absent an abuse of discretion"); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 701, SCRE ("If the witness is not testifying as an expert, the witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training."); *State v. Ostrowski*, 435 S.C. 364, 385, 867 S.E.2d 269, 279 (2021) (allowing an investigating officer to offer lay testimony based on his observations and participation in investigating a crime scene); *State v. Hamrick*, 426 S.C. 638, 648, 828 S.E.2d 596, 601 (2019) (noting that Rule 701 provides that lay opinions are "limited to those opinions . . . rationally based on the perception of the witness"); *id.* (holding that because the officer arrived on the scene forty-eight minutes after the accident, he "did not perceive the location of the impact").  Dail explained to the jury how, in general, investigators mark a bullet's potential trajectory path by balancing trajectory rods in corresponding bullet holes and showed where he placed the trajectory rods at the crime scene.  Dail was the officer who placed the trajectory rods and his testimony was based upon his personal observations and work while investigating the crime scene.  He did not draw any opinions or conclusions about the significance of the trajectory rods, nor did he offer any during his testimony.  The testimony regarding the trajectory rods in no way aided the jury in determining the identity of the shooter, which was the main issue at trial.  Additionally, Dail's testimony about placing the trajectory rods does not require the same specialized knowledge, training, or expertise as required for testimony regarding accident reconstruction.  *Id.* at 649, 828 S.E.2d at 602 (recognizing that accident reconstruction testimony requires an expert witness foundation because "[a]ccident reconstruction is a highly technical and specialized field" that relies upon principles unfamiliar to the general public).

2. The probative value of the photographs was not substantially outweighed by any unfair prejudice or confusion; thus, the trial court did not abuse its discretion in admitting them. *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 (stating the trial court's admission of evidence "will not be reversed absent an abuse of discretion"); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."). The State offered the photographs showing the trajectory rods as part of a larger set of photographs to help the jury understand the crime scene and establish malice. The probative value of those photographs was low because other photographs depicted bullet holes at the crime scene before processing, and the contested photographs merely showed the same bullet holes marked with trajectory rods. However, although the contested photographs showed the trajectory rods in place, the rods did not convey any information about the shooter or the location of the shooter. Additionally, photographs introduced at trial depicting unprocessed bullet holes in the apartment independently showed that bullets were fired in multiple areas. Therefore, any risk of prejudice, confusion, or misleading the jury did not substantially outweigh the probative value of the photographs.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.